IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD MUSSER,<br><br>      Plaintiff,<br><br>v.<br><br>COUNTY OF LAWRENCE, ILLINOIS, SHERIFF RUSSEL ADAMS in his Official and Individual Capacities, TRENTON MASTERSON in his Official and Individual Capacities, KAREN ADAMS in her Official and Individual Capacities, TANNER VOLKMAN in his Official and Individual Capacities, JORDAN SHICK in his Official and Individual Capacities, ZACHARY CAVENDER in his Official and Individual Capacities, MARCUS D. HALL in his Official and Individual Capacities, and ADAM FOX<br><br>      Defendants. | Case No. 3:23-CV-02814-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      This case arises out of an alleged physical confrontation between inmates at the Lawrence County Correctional Center ("Lawrence CC"). Plaintiff Donald Musser ("Plaintiff" or "Musser"), the alleged victim, filed suit against his assailant Defendant Adam Fox ("Fox"), Lawrence County, Illinois, Lawrence County Sheriff Russel Adams ("Sheriff Adams"), and several officers and employees of Lawrence County.

      Pending before the Court is Sheriff Adams's Motion for Partial Judgment on the Pleadings as to Count I of Plaintiff's Complaint. (Doc. 18).

## BACKGROUND

At all relevant times, Musser was an inmate at Lawrence CC. (Doc. 1 at ¶5). On August 21, 2021, Fox, another inmate at Lawrence CC who shared a cell with Musser, "jumped from the top bunk of his cell, approached the Plaintiff, and violently punched him in the head and face." *Id*. at ¶ 73. As a result, Plaintiff alleges he suffered "personal injuries, medical expenses, pain and suffering, lost wages, [and] attorney's fees[,] and will be caused to incur medical expenses in the future as well as pain and suffering and lost wages." *Id*. at ¶ 75.

On August 16, 2023, Plaintiff filed a seven-count complaint in this Court. (Doc. 1). Count I asserts a claim of willful and wanton conduct against Sheriff Adams in his individual and official capacities; Counts II through VI are brought under 42 U.S.C. § 1983 and assert claims of deliberate indifference under the Eighth Amendment against Sheriff Adams, Lawrence County, and various officers and employees of Lawrence County; Count VII appears to assert a claim of battery against Fox, although the precise legal theory is not identified. *Id.* at ¶¶ 37-75.

Adams filed a motion for partial judgment on the pleadings on November 2, 2023, arguing that Count I is time-barred under 745 ILCS 10/8-101(a). Under Local Rule 7.1(b)(1)(A), Plaintiff's response was due on or before December 4, 2023. That deadline came and went without a responsive filing. After a scheduling conference on April 11, 2024, the Court invited Plaintiff to file a response by April 25, 2024. (Doc. 26). The April 25 deadline also passed without a responsive filing from Plaintiff. Thus, the Court now grants Adams' motion for partial judgment on the pleadings based on the unopposed

arguments and authorities presented.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Pleadings "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

"The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same." *Federated Mut. Ins. Co. v. Coyle Mechanical Supply, Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). A motion for judgment on the pleadings may not be granted "unless it appears beyond doubt that the nonmovant cannot prove facts sufficient to support its position." *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020). Thus, even with all facts and inferences viewed in the light most favorable to the nonmoving party, *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993), the moving party must demonstrate that "there are no material issues of fact to be resolved," *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452,

## DISCUSSION

In Illinois, personal injury actions are subject to a two-year statute of limitations. 735 ILCS 5/13-202. This limitations period also governs section 1983 claims against local public officials in Illinois. *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). But under 745 ILCS 10/8-101(a), "[n]o civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one

year from the date that the injury was received or the cause of action accrued." This places state law personal injury claims against local public entities and employees in a different limitations category: "While the two-year period still applies to [section] 1983 claims against such [local public] defendants, the one-year period applies to state-law claims that are joined with a [section] 1983 claim." *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (per curiam) (internal citation omitted).

Sheriff Adams in his official capacity is an institutional defendant protected by the one-year statute of limitations. *Belbachir v. Cnty. of McHenry*, 726 F.3d 975, 982 (7th Cir. 2013); *Williams*, 399 F.3d at 870. To the extent that Count I asserts an official capacity claim against him, it "is really against the County, the government agency that employs him." *Belbachir*, 726 F.3d at 982. Accordingly, Musser's claim of willful and wanton conduct against Sheriff Adams in his official capacity is subject to the reduced one-year limitations period under 745 ILCS 10/8-101(a).

Based on the facts presented in the pleadings, it is undisputed that Fox allegedly attacked Musser on August 21, 2021. Plaintiff's complaint was filed on August 16, 2023, almost two years after the events giving rise to the case. For that reason, the limitations analysis is straightforward as to Count I:  It was untimely as of August 21, 2022. *See Williams*, 399 F.3d at 870 (state law claims against local public officials untimely when brought more than one year after accrual).

## Conclusion

For these reasons, the Court **GRANTS** Sheriff Adams' unopposed Motion for Partial Judgment on the Pleadings. (Doc. 18). Count I of Plaintiff's complaint is

**DISMISSED with prejudice** insofar as it is asserted against Sheriff Adams in his official capacity. The Clerk of Court is **DIRECTED** to enter judgment accordingly at the conclusion of the case.

    IT IS SO ORDERED.

    DATED:  September 30, 2024

                                          *(signature)*

                                          **NANCY J. ROSENSTENGEL**
                                          **Chief U.S. District Judge**